**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| Lauri Valjakka<br><br>Plaintiff,<br><br>v.<br><br>Cisco Systems, Inc.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **C.A. NO. 6:21-CV-00944-ADA** |

**DEFENDANT CISCO SYSTEMS, INC.'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR INDIRECT AND WILLFUL INFRINGEMENT**

# TABLE OF CONTENTS


I. INTRODUCTION ........................................................................................................ 1

II. BACKGROUND ........................................................................................................ 1

III. LEGAL STANDARD ................................................................................................ 3

IV. ARGUMENT ............................................................................................................ 5

A. Valjakka has not plausibly alleged pre-suit knowledge. .................................................. 5

B. Valjakka has not plausibly alleged other elements of indirect infringement. ..................... 6

C. Valjakka has not plausibly alleged other elements of willful infringement. ...................... 7

V. CONCLUSION ........................................................................................................ 8

# TABLES OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am*,
No. W:13-cv-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ....................................5, 6

*Affinity Labs of Texas, LLC v. Blackberry Ltd.*,
No. W:13-CV-00362, 2014 WL 12551207 (W.D. Tex. Apr. 30, 2014)..................................7

*Artrip v. Ball Corp.*,
735 F. App'x 708 (Fed. Cir. 2018) ........................................................................................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..........................................................................................................3, 4, 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................................................5

*Bushnell Hawthorne, LLC v. Cisco Systems, Inc.*,
2019 WL 8107921 (E.D. Va. Feb. 26, 2019)......................................................................7, 8

*Carlton v. Freer Inv. Grp., Ltd.*,
No. 5:15-CV-00946-DAE, 2017 WL 11046201 (W.D. Tex. Aug. 8, 2017) ............................4

*Commil USA, LLC v. Cisco Sys., Inc.*,
135 S. Ct. 1920 (2015)..............................................................................................................5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011)..................................................................................................................5

*Halo Electronic, Inc, v. Pulse Electronics, Inc. et al.*,
539 U.S. 93 ..............................................................................................................................7

*Monarch Networking Solutions LLC v. Cisco Sys., Inc. et al.*,
No. 6:20-CV-00381 (W.D. Tex. Feb. 3, 2021).........................................................................4

*Parity Networks, LLC, v. Cisco Sys. Inc.*,
No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)..........................5, 7

*Parus Holdings Inc. v. Apple Inc., et al.*,
No. 6:19-CV-00432-ADA (W.D. Tex. Feb. 19, 2020).........................................................4, 5

*WBIP, LLC v. Kohler Co.*,
829 F.3d 1317 (Fed. Cir. 2016).................................................................................................5

**Statutes**

35 U.S.C. § 271(c) ....................................................................................................................7

**Other Authorities**

Federal Rule of Civil Procedure 8(a)(2) ..........................................................................3

Federal Rule of Civil Procedure 12(b)(6) ......................................................................1, 4

# I. INTRODUCTION

Cisco moves to dismiss plaintiff Lauri Valjakka's claims for indirect and willful patent infringement, including entitlement to enhanced damages. Mr. Valjakka's Complaint is devoid of well-pleaded facts to support these claims. First and foremost: there is no plausible allegation that Cisco had pre-suit knowledge of the asserted patent, U.S. Patent No. 8,495,167 ("'167 Patent"), let alone of the alleged infringement. This deficiency is fatal for Mr. Valjakka's claims of inducement, contributory infringement, and willfulness. The Court need go no further to grant Cisco's motion.

The Complaint also utterly lacks support for other elements of inducement, contributory infringement, and willfulness warranting enhanced damages: facts supporting specific intent to induce, lack of substantial noninfringing use, and egregious conduct are entirely missing. Dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6).

# II. BACKGROUND

Mr. Valjakka filed suit against Cisco on September 10, 2021. Compl., Dkt. 1. He alleges that he is the "exclusive owner by assignment of all rights, title, and interest in the [']167 Patent," and that Cisco directly infringes "at least claim 1." Dkt. 1, ¶¶ 12,. 17. The accused product is "Cisco's Kinetic Platform." *Id.*, ¶ 15. The Complaint includes allegations of indirect and willful infringement that are purely conclusory.

First and foremost, the Complaint includes no facts suggesting that Cisco knew of the '167 Patent or Mr. Valjakka's allegations of infringement before he filed suit. The only allegations concerning knowledge are utterly conclusory. *See id.*, ¶¶ 19 ("Defendant has knowledge that its activities concerning the Accused Products infringe one or more claims of the [']167 Patent."), 21 ("On information and belief, Defendant has known that its activities concerning the Accused Products infringed one or more claims of the [']167 Patent since at least 2013."). No alleged facts

reveal a good faith basis to support the conclusory allegation of knowledge in 2013—or at any time before Mr. Valjakka commenced litigation.

With respect to inducement and contributory infringement, the Complaint points to Cisco's customers as alleged direct infringers and simply parrots the legal elements. *See id.*, ¶ 18 (alleging that Cisco has and continues to induce infringement by "knowingly and intentionally" having "actively aided, abetted and induced others to directly infringe at least one claim of the [']167 Patent," and that Cisco "has contributorily infringed and is a contributory infringer because, with knowledge of the [']167 Patent, it supplies a material part of an infringing method and/or system, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use," and "contributes to its customers' infringement because," with such knowledge, it "supplies the technology that allows its customers to infringe the patent").

The Complaint alleges no facts to show or even suggest specific intent to induce infringement. The closest it comes is to allege that Cisco "provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use" the accused products, which are alleged "acts of direct infringement." *Id.*, ¶ 19. The rest is pure parroting of legal elements with no attempted factual support. *See, e.g.*, *id.*, (alleging that Cisco has encouraged acts of direct infringement and "[a]lternatively, Defendant knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement. . .but took deliberate actions to avoid learning of these facts").

With respect to contributory infringement, instead of identifying an alleged material component, the Complaint points to unspecified "technology." *Id.*, ¶ 18. And no alleged facts support the absence of substantial noninfringing use. To the contrary, the claim charts

accompanying the Complaint demonstrate that the accused product has substantial noninfringing uses: in supposed satisfaction of asserted claim limitation [1g], the charts allege that "Cisco Kinetic *enables* applying rules and logic on data," and that "[d]ata *can be* distributed according to certain filters"—not that Kinetic *must* be used this way. Dkt. 1-3 at 5 (emphasis added). The infringement claim hinges on the possibility of "custom configuration of routing and transfer of data": "[i]t is on information and belief that these custom configuration and rules that *can be* configured on data transfer allow for modification of data requests. . . ." *Id.* (emphasis added). There is no allegation that this custom configuration is mandatory, and no allegation that Kinetic infringes without such customization.

The willfulness allegations are equally implausible. The Complaint asserts on unspecified "information and belief" that (1) "Defendant's infringement of the [']167 Patent has been willful and merits increased damages," Dkt. 1, ¶ 20, and (2) "Defendant has known that its activities concerning the Accused Products infringed one or more claims of the [']167 [P]atent since at least 2013," *id.*, ¶ 21. How or why Mr. Valjakka believes he has a good faith factual basis to support such allegations? The Complaint doesn't say. No facts remotely suggest that before receiving the Complaint Cisco knew or could possibly have known that anything it was doing was allegedly wrong.

## III. LEGAL STANDARD

A plaintiff alleging patent infringement must meet the minimum federal pleading standard. Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations are essential, because the Federal Rules of Civil Procedure do not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. The plaintiff must do more than plead facts that are "'merely consistent with' a defendant's liability." *Iqbal*, 556 U.S. at 678. (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must support "every element of each cause of action" with "specific factual allegations." *Carlton v. Freer Inv. Grp., Ltd.*, No. 5:15-CV-00946-DAE, 2017 WL 11046201, at *8 (W.D. Tex. Aug. 8, 2017). In analyzing such motions, courts disregard conclusory assertions and statements, legal conclusions couched as factual allegations, and "[t]hreadbare recitals of the elements of a cause of action," and consider only well-pleaded factual allegations *Iqbal*, 556 U.S. at 678. A plaintiff has not stated a plausible claim for relief if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679; *see also, e.g., Artrip v. Ball Corp.,* 735 F. App'x 708, 714 (Fed. Cir. 2018) ("Even taken as true, the facts alleged in the third amended complaint are insufficient to state a plausible, rather than merely possible, claim for relief."). This Court dismisses claims of indirect and willful infringement that lack the required factual underpinnings. *See, e.g.*, *Monarch Networking Solutions LLC v. Cisco Sys., Inc. et al.*, Case No. 6:20-CV-00381, Order Granting Dkt. No. 19, (W.D. Tex. Feb. 3, 2021); *Parus Holdings Inc. v. Apple Inc., et al.*, Case No. 6:19-CV-00432-ADA, Dkt. No. 107, at 51-52 (W.D. Tex. Feb. 19, 2020).

## IV. ARGUMENT

### A. Valjakka has not plausibly alleged pre-suit knowledge.

Each of Mr. Valjakka's claims for indirect infringement and willfulness warranting an award of enhanced damages requires knowledge of (1) the patent and (2) the alleged infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (plausible claims of inducement and contributory infringement require "knowledge of the patent in suit and knowledge of patent infringement"); *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011) ("Induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."); *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) (as a "prerequisite" to enhanced damages, defendant must have had "[k]nowledge of the patent alleged to be willfully infringed"); *Parity Networks, LLC*, *v. Cisco Sys. Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (*quoting Valinge Innovation AB v. Halstead New England Corp.*, No. 16-CV-01082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)) (explaining that to plead a claim for willful infringement, "a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent").

This Court has made clear that "the complaint itself must specifically allege the basis of the knowledge element and satisfy the pleadings standards under *Iqbal* and *Twombly*." *Affinity Labs of Texas, LLC*, No. W:13-CV-00365, 2014 WL 2892285, at *5 (citation omitted). It does not form a sufficient basis for plausibly pleading the knowledge required for indirect and willful infringement. *See, e.g.*, *Parus Holdings Inc. v. Apple Inc., et al.*, No. 6:19-CV-00432-ADA, Dkt. No. 107, at 51-52 (W.D. Tex. Feb. 1, 2020).

Here, the requirement to allege pre-suit knowledge of the patent and alleged infringement plausibly is dispositive against the indirect infringement and willfulness claims. The Complaint makes no attempt to include *any* facts showing that Cisco had the requisite pre-suit knowledge. The allegation about knowledge from 2013 is purely conclusory, not well-pleaded. No alleged fact lends plausibility to that allegation, which the Complaint asserts "on information and belief." Dkt. 1, ¶ 21. For this reason alone, the Court should dismiss Mr. Valjakka's claims for indirect infringement and willful infringement warranting enhanced damages.

As shown next, there are additional reasons why the Complaint has not plausibly alleged indirect or willful infringement. It is unnecessary to reach these arguments; however, they provide additional independent grounds for dismissal.

**B. Valjakka has not plausibly alleged other elements of indirect infringement.**

The Complaint asserts two indirect infringement claims: inducement and contributory infringement. Both require additional elements that the Complaint does not plausibly allege. These deficiencies independently warrant dismissal.

A claim of induced infringement requires a plausible allegation that Cisco specifically intended to induce patent infringement. *See, e.g.*, *Affinity Labs of Tex., LLC v. Toyota Motor N. Am*, Case No. W:13-cv-365, 2014 WL 2892285, at *3 (W.D. Tex. May 12, 2014) (quoting *In re Bill of Lading Transmission and Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). But the Complaint merely points to unspecified product information and technical support "encouraging [Cisco's] customers to purchase and instructing them to use" the accused products…." Dkt 1, ¶ 19. The Complaint does not say what information it is talking about or make it plausible to conclude that that Cisco knew that including the information caused or encouraged its customers to infringe. The allegations are insufficient to establish specific intent. *See, e.g.*,

*Affinity Labs of Texas, LLC v. Blackberry Ltd.*, No. W:13-CV-00362, 2014 WL 12551207, at *6 (W.D. Tex. Apr. 30, 2014) (*citing MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F.Supp.2d 225, 234 (D. Del. 2012) ("Allegations of the marketing activities of the Defendants do not, on their own, demonstrate that Defendants knew such activities were infringing or that the Defendants possessed the specific intent to encourage another's infringement")).

Contributory infringement requires plausible allegations both that the accused products are a "material part of the claimed invention," and that they are not "staple articles or commodities of commerce capable of substantial noninfringing use." 35 U.S.C. § 271(c). The Complaint fails to say whether or how the accused product forms a "material part of the claimed invention." And it establishes exactly the opposite of what it must plausibly allege with respect to substantial noninfringing use. Without custom rules, which allegedly "can be" but are not necessarily configured, Dkt. 1-3 at 5 (emphasis added), the accused Kinetic Platform does not even allegedly infringe. That is the epitome of a substantial noninfringing use.

**C. Valjakka has not plausibly alleged other elements of willful infringement.**

Enhanced damages "should generally be reserved for egregious cases typified by willful misconduct." *Halo Electronic, Inc, v. Pulse Electronics, Inc. et al.*, 539 U.S. 93, 106. At the motion to dismiss stage, this Court has instructed that "a plaintiff should plead willfulness with sufficient articulation of the relevant facts." *Parity Networks, LLC v. Cisco Sys. Inc.*, Case No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019). Courts have repeatedly "concluded that a plaintiff must 'plead facts showing willfulness' in order to avoid dismissal of a willful infringement claim," *Bushnell Hawthorne, LLC v. Cisco Systems, Inc.*, 2019 WL 8107921 (E.D. Va. Feb. 26, 2019) (quoting *Cont'l Circuits LLC v. Intel Corp.*, No. CV-16-2026 PHX DGC, 2017 WL 2651709, at *7 (D. Ariz. June 19, 2017) (collecting cases)). Thus, to state a plausible

claim of willful infringement, "the complaint must also allege facts to demonstrate [that] the defendant's behavior was egregious under the circumstances, such as facts showing that [the] defendant was subjectively aware of the risk that its conduct constituted infringement." *Id.* (citations omitted).

Here, the Complaint alleges no facts whatsoever to support the willfulness allegation. There is nothing from which anyone could plausibly conclude that Cisco has engaged in egregious conduct or knew or should have known that anything it was doing was wrong. The Complaint does not even include a conclusory allegation of egregious conduct. For this additional reason, the Court should dismiss the claim for enhanced damages based on willful infringement.

## V. CONCLUSION

Cisco respectfully asks the Court to grant this motion in its entirety, and dismiss the claims for indirect and willful infringement.

Dated: December 13, 2021

Respectfully submitted,

By: */s/ Melissa R. Smith*

Melissa R. Smith (State Bar No. 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903.934.8450
Facsimile: 903.934.9257

Elizabeth R. Brannen
ebrannen@stris.com
Kenneth J. Halpern
khalpern@stris.com
**STRIS & MAHER LLP**
777 S. Figueroa St, Ste 3850
Los Angeles, CA 90017
Telephone: (213) 995-6800
Facsimile: (213) 216-0299

*Attorneys for Defendant*
*Cisco Systems, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2021, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record. All counsel of record are participants in CM/ECF and have consented to electronic service.

*/s/ Melissa R. Smith*
Melissa R. Smith